**PUBLIC MUTUAL CASUALTY COMPANY, a Corporation, Appellant,**

v.

**Robert D. SCHARZ, Superintendent, Division of Insurance, Department of Business and Administration, and Eugene G. Bushmann, Commissioner, Administrative Hearing Commission, Respondents.**

No. 52663.

Supreme Court of Missouri, Division No. 1.

Dec. 11, 1967.

Motion for Rehearing or to Transfer to Court En Banc Denied Jan. 8, 1968.

Max Sigoloff, St. Louis, for appellant.

James P. Dalton, Willard C. Reine, Jefferson City, for respondents.

HENRY J. WESTHUES, Special Commissioner.

This case involves the question whether Robert D. Scharz, Superintendent, Division of Insurance, Department of Business and Administration, was justified in refusing to grant petitioner, Public Mutual Casualty Company, a corporation, a license to do business. A hearing was had before Eugene G. Bushmann, Commissioner, Administrative Hearing Commission. The action of the superintendent was there sustained. On appeal to the Circuit Court of Cole County the order of denial was affirmed and petitioner appealed to this court. We shall refer to petitioner as Mutual, to defendant Scharz as superintendent, and to defendant Bushmann as commissioner.

Mutual was refused a license by the superintendent, who ruled Mutual had not complied with Section 379.235, RSMo, Cum.Supp.1965; in particular, the third condition prescribed by the section which reads as follows: " * * * provided, however, that the total assets of the company shall not be less than one hundred thousand dollars of paid in premiums and a guaranty fund or contributed surplus of not less than three hundred thousand dollars which shall be held in cash or securities in which these insurance companies are authorized to invest; * * *."

It was agreed that Mutual had a surplus of only $71,465.84. The superintendent ruled this item should be $300,000 as required by Section 379.235(3), V.A.M.S., supra.

The main contentions of Mutual were and are that the section does not apply to it and, further, that if the section is applicable to Mutual the law is unconstitutional and void as being an ex post facto law. It is contended that Mutual was granted a charter in 1939 under the provisions of

the law then in force. It is argued that Section 379.235 added an additional burden on Mutual and is therefore void as impairing the obligation of a contract. We shall dispose of these and other contentions after we relate the facts giving rise to this controversy.

Mutual obtained a certificate of incorporation in July 1939. The charter powers granted by the certificate were "to do the business of all lines of automobile insurance, and all other classes of casualty insurance except employer's liability and workmen's compensation insurance."

Mutual applied for and was granted a license each year after 1939 and transacted business, having its principal place of business in the City of St. Louis, Missouri. The legislature in 1963 repealed and reenacted Section 379.235 and added the condition to obtaining a license of requiring "a guaranty fund or contributed surplus of not less than three hundred thousand dollars * * *." Mutual held a license which expired in March 1966. On February 25, 1966, the superintendent filed a complaint against Mutual asking that the license of Mutual be revoked. The violation charged was noncompliance with the provision requiring the guaranty of $300,000.

The case was not heard before the commissioner until after the license had expired. The parties treated the case as though the superintendent had refused to grant Mutual a license for the next year, that is, for 1966. We shall treat the case in like manner.

In the brief of the superintendent it is stated that "The annual license or Certificate of Authority issued appellant was not a contract with the State of Missouri in which appellant had vested property rights, but was a mere license and the legislature under its police power could amend and change the conditions under which appellant's license could be renewed or revoked."

■ It is our opinion that if the above statement of the superintendent is cor-

rect, Mutual's points as to the unconstitutionality of the 1963 Act, supra, must be overruled.

The applicable rule is well stated in 44 C.J.S. Insurance § 56, p. 518, which reads in part as follows: " * * * the insurance business is affected with public interest, it is competent for the state, under its police power or as creator or controller of corporations, to determine who may engage in the business within its boundaries, and to prescribe terms and conditions on which the business may be conducted, and generally to regulate the business and all persons engaged in it, whether as individuals, partnerships, voluntary associations, or corporations. Such regulations are valid even as applied to corporations already engaged in the business * * *. The state legislature may lawfully require insurance companies to act promptly on applications for insurance, to set aside or deposit a fund with a specified state insurance official for the security of policyholders, or to maintain a surplus in a specified amount * * *."

The above statements of law are supported by numerous cases from various states.

■ It is the rule that a license is not a contract. 53 C.J.S. Licenses § 2, p. 448. The condition prescribed by the legislature contained in Section 379.235, supra, is within the police power of the state. Such statutes may be amended, repealed, and reenacted whenever the legislature deems it necessary for the benefit and protection of the general public. Section 379.235, supra, is not an ex post facto law. It was applicable to Mutual and all other such companies from the day the law took effect. Sections 379.205 to 379.310 were designated as specifically applicable to "mutual companies other than life and fire." Section 379.230 empowers and authorizes companies organized under Section 379.205 to 379.310 to make contracts of insurance. Subsection (3) of Section 379.230 reads: "Automobile insurance. Against any or all loss, expense and liability resulting from the ownership,

maintenance or use of any automobile or other vehicle." The following Section 379.235, which was repealed and reenacted by the legislature begins with the words "No such company," clearly making the condition in subsection (3) of that section applicable to Mutual. Note that the charter of Mutual authorizes it "to do the business of all lines of automobile insurance, and all other classes of casualty insurance except employer's liability and workmen's compensation insurance." We rule that Section 379.235(3) applies to Mutual and all other like companies, as well as any companies that may be formed after the law took effect.

■ Mutual in its brief says "that the imposition and enforcement upon Appellant of Section 379.235 enacted in 1963 is constitutionally illegal, unreasonable, discriminatory, oppressive and wrongful." We cannot agree. The Act applies alike to all companies in the same class of business as Mutual. The legislature has the authority to enact laws under the police power of the state and to change them from time to time so as to meet the changing economic conditions. Our state constitution expressly reserved such power. Article XI, Section 3, 1945 Constitution, V.A.M.S., reads as follows: "The exercise of the police power of the state shall never be surrendered, abridged, or construed to permit corporations to infringe the equal rights of individuals, or the general well-being of the state." The Constitution of 1875 contained a similar section. See Art. XII, Sec. 5. This provision of the constitution is applicable to insurance companies. See 44 C.J.S. Insurance § 56, p. 518.

The judgment of the trial court is hereby affirmed.

PER CURIAM.

The foregoing opinion by HENRY, J. WESTHUES, Special Commissioner, is adopted as the opinion of the court. All concur.